■ In the Matter of IDANT LABORATORIES, a Division of DAXOR CORPORATION, et al., Petitioners, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Respondents. [660 NYS2d 481] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Health revoking petitioners' provisional tissue bank license.

Petitioner Idant Laboratories had been operating a human semen bank under a provisional license issued by respondent Department of Health (hereinafter DOH) in November 1991. As the result of an inspection conducted in February 1993 that revealed that Idant had failed to test semen providers for various sexually transmitted diseases, including HIV-1 and HTLV-1, DOH filed a statement of charges against it seeking revocation of its provisional tissue bank license. Following an evidentiary hearing, the Administrative Law Judge (hereinafter ALJ) sustained the charges and recommended revocation of Idant's license. Respondent Commissioner of Health adopted the ALJ's determination and, by order dated October 10, 1995, revoked Idant's license. This CPLR article 78 proceeding ensued.

In addition to this matter, DOH on September 30, 1994 proposed to deny, *inter alia*, Idant's application for a permanent license (10 NYCRR 52-2.5 [e] [1]). Idant sought reconsideration; DOH, however, affirmed the proposed denial which led to a CPLR article 78 proceeding challenging that determination. Recently, the Court of Appeals found that DOH's determination was not arbitrary, capricious or tainted by bias and dismissed the petition (*see, Matter of Daxor Corp. v State of New York Dept. of Health*, 90 NY2d 89).

The effect of the Court of Appeals decision is that, even if this challenge was successful, Idant would not be entitled to the restoration of its provisional license since such a license is a temporary one that expires when an application for a permanent license is denied (*see, id.*, at 99-100; *see also*, 10 NYCRR 52-2.2 [a]). In view of this, our consideration of this matter would be moot. Accordingly, we shall dismiss the petition as moot.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.